## BOARD OF COMMISSIONERS OF MADISON COUNTY v. MOORE.

[No. 19,932.   Filed November 20, 1903.]

CONSTITUTIONAL LAW.—*Insane Persons.*—*Justices of the Peace.*—*Administrative Power.*—Section 6990 Burns 1901 authorizing a justice of the peace before whom a person has been adjudged insane to appoint some resident of the county to take charge of and confine such insane person for which services he shall receive a reasonable compensation to be allowed by the board of commissioners at its next term thereafter, and be paid out of the county treasury, is not unconstitutional as conferring administrative power upon a judicial officer in violation of article 3 of the Constitution. *pp. 427–430.*

INSANE PERSONS.—*Care of.*—*Statutes.*—Sections 6987–6995 Burns 1901 provide for the commencement of proceedings before a justice of the peace, and §2725 Burns 1901 applies to proceedings commenced in a court having probate jurisdiction, and each law is applicable only to proceedings brought thereunder, and they are therefore not in conflict with each other. *p. 430.*

From Madison Circuit Court;  *J. F. McClure*, Judge.

Action by Charles W. Moore against the Board of Commissioners of Madison county. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

Board, etc., v. Moore.

*M. A. Chipman*, *S. M. Keltner* and *E. E. Hendee*, for appellant.

*C. K. Bagot* and *Thomas Bagot*, for appellee.

MONKS, C. J.—It appears from the record that one Milton Ring, on January 1, 1898, was adjudged to be "insane and dangerous to the community if suffered to remain at large," by a justice of the peace of Anderson township, Madison county, Indiana, in a proceeding brought under §§6987-6995 Burns 1901, §§5142-5150 R. S. 1881 and Horner 1901, Acts 1855, p. 133, and said justice of the peace, under the provisions of said sections, appointed appellee, a resident of said county, to take charge of and confine said Ring. Appellee, by virtue of said appointment, took charge of said Ring, and confined him under said judgment from January 1, 1898, to February 8, 1898, a period of thirty-nine days. At the March term, 1898, of the board of commissioners of said county, appellee presented a claim for his services in taking care of and confining said Ring, under the judgment of said justice of the peace, which claim was disallowed by said board of commissioners. Afterwards, in March, 1898, appellee brought this action against appellant in the court below to recover for said services, and a trial of said cause resulted in a finding, and, over a motion for a new trial, judgment for appellee.

It will be observed that appellee was appointed by said justice of the peace and rendered the services sued for before the passage of the act of 1899 (Acts 1899, p. 343, §§5594g-5594e2 Burns 1901), known as the county reform law, and that said act, therefore, has no application to this case.

This action, being within the jurisdiction of a justice of the peace, was, before the taking effect of the act of 1903 (Acts 1903, p. 280), appealed to this court under the provisions of §8 of the act of 1901 (Acts 1901, p. 565, §1337h Burns 1901), for the purpose of presenting the question

of the constitutionality of that part of said §6990, *supra,* which authorizes the justice of the peace to appoint some resident of the county to take charge of and confine such insane person, and which provides that the person appointed "shall receive a reasonable compensation" for such services "from the board of commissioners of the county, at its next term thereafter, to be paid out of the county treasury."

Appellant insists that the appointment of a person to take charge of said insane person under the provisions of §6990, *supra,* was the exercise of a ministerial power by a judicial officer, and was in effect a contract made by said justice of the peace with such person; that the part of said section which attempts to confer this power upon a justice of the peace is in violation of article 3 of the Constitution of this State and therefore void. Article 3 of the Constitution provides that "The powers of the Government are divided into three separate departments; the legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this Constitution expressly provided." Said appointment is only temporary. Said §6990, *supra,* authorizes the board of commissioners to appoint some other person to take charge of such insane person at any time, in their discretion. Section 6991, *supra,* requires the justice of the peace, when the finding is against the insane person, to certify his proceedings to the circuit court of the county, and provides that "at the next term of such court, after the filing of the transcript of such proceedings in the clerk's office thereof, such court shall cause said issue to be again tried by a jury of twelve persons, under like instructions and conditions as to the manner of impaneling the jury, administering oaths, peremptory challenges, verdict of jury, judgments for costs, as hereinbefore provided; and if the finding of such jury shall be

against such insane person, such court shall confirm the appointment of such person to take charge of such insane person, or may appoint some other suitable person for that purpose."

Section 6992, *supra,* provides in what cases the property of such insane person shall be subject to the payment of the costs of such proceeding and the expense of his keeping, and when the amount paid out of the county treasury shall be refunded out of such insane person's estate.

Appellee was appointed by the justice of the peace to execute the judgment of said justice of the peace by caring for and confining such insane person. Power to commit an insane person to the custody of some person or officer was necessary to accomplish the purpose of the act of 1855, which was to protect the public from such insane person. Without such authority, a court could not properly enforce its judgment in such a case. It is true the legislature might have named an officer to whose custody the insane person should be committed, but it clearly had the power to authorize the court to appoint some person, not an officer, for that purpose. Powers of like character have frequently been given courts. Section 1506 Burns 1901, §1439 R. S. 1881 and Horner 1901, authorizes a justice of the peace, whenever there is no constable convenient, to appoint a special constable, when, in his opinion, an emergency exists for the immediate use of one. Courts are authorized, when there is no sheriff or coroner to attend, or, if they are both incapacitated from serving, to appoint an elisor to serve during the pendency of the matter in which the officer may be disabled from serving. §§1380, 1381 Burns 1901, §§1328, 1329 R. S. 1881 and Horner 1901. Our attention has not been called to any case, and we know of none, in which the right to vest such power in the court has been questioned.

The liability of the county is for reasonable compensation for the services rendered by the person appointed, and

such liability is created, not by any contract of the justice of the peace, but by the statute. Moreover, it is not a function of the executive or legislative department of the state government to appoint persons to take charge of and confine insane persons who are dangerous to the community when suffered to remain at large; and when a justice of the peace—a judicial officer—appoints such person under §6990, *supra,* he is not exercising any function of either of said departments. *City of Terre Haute* v. *Evansville, etc., R. Co.,* 149 Ind. 174, 181-186, 37 L. R. A. 189, and cases cited; *Baltimore, etc., R. Co.* v. *Town of Whiting, ante,* 228, and cases cited. Such person when appointed does not belong to either the legislative or the executive department of the state government, nor does he exercise any of the functions of either of said departments.

In *City of Terre Haute* v. *Evansville, etc., R. Co., supra,* this court said at page 185: "While the powers conferred by the foregoing acts of the legislature upon judges in this State are not strictly judicial, yet they are not such as belong to either the executive or the legislative departments of the state government, and are, therefore, not within the inhibition of article 3 of the Constitution." See, also, *Baltimore, etc., R. Co.* v. *Town of Whiting, supra.*

It is claimed by appellant that there seems to be a conflict between §§6987-6995, *supra,* which were enacted in 1855, and §12 of an act in force May 6, 1853 (§2725 Burns 1901, §2555 R. S. 1881 and Horner 1901), enacted in 1852. Repeals by implication are not favored. Said §12, *surpa,* applies to proceedings commenced in a court having probate jurisdiction, while said act of 1855 provides for the commencement of proceedings before a justice of the peace. Each of said acts is applicable only to proceedings brought thereunder, and it is clear that there is no conflict between them. *Sefton* v. *Board, etc.,* 160 Ind. 356.

Judgment affirmed.